# Exhibit A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 22SL-CC02478 |
|---|---|
| Plaintiff/Petitioner:<br>MELISSA OWENS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARY ELIZABETH COFFEY<br>6202 COLUMBIA<br>ST LOUIS, MO  63139 |
| Defendant/Respondent:<br>BOSTON SCIENTIFIC CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  BOSTON SCIENTIFIC CORPORATION
                          Alias:
CSC-LAWYERS INC SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

10-MAY-2022
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
My commission expires: _____         _____
                          Date                          Notary Public
(Seal)

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| MELISSA OWENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. _____ |
| ) | |
| BOSTON SCIENTIFIC CORPORATION ) | Division No. _____ |
| ) | |
| and ) | JURY TRIAL DEMANDED |
| ) | |
| SHAWN LYNCH, ) | |
| ) | |
| ) | |
| Defendants. ) | |

PETITION
COUNT 1 – STRICT LIABILITY-
PRODUCT DEFECT VS DEFENDANT BSC
MAI 25.04

For Count 1 of this of action, against Defendant Boston Scientific Corp., it is alleged as follows:

1. Venue is proper under RSMO §508.010.4 in that this is an action in tort and Plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action in St. Louis County Missouri, where she resides and where the implantation on 8/11/16 and explanation on 2/25/20 of the Obtryx II occurred.

2. This lawsuit is brought within 5 years of the accrual of Plaintiff's cause of action within the meaning of RSMO §516.100 and §516.120(4) and Elmore v. Owens-Illinois, Inc, 673 SW2d 434, 436 (Mo. banc 1984).

3. In the course of its business, Defendant Boston Scientific Corporation designed, manufactured, marketed, sold and/or placed into the stream of commerce a mesh sling which was implanted into Plaintiff's body on 8/11/16 for stress incontinence in

1

St. Louis County, MO at Mercy Hospital. The product (hereafter "Obtryx II) is specifically described in Plaintiff's medical records as follows:

> Obtryx II System Curved Transobturator Sling System With Precision Blue Design, lot number 0000036895, Model/Cat No. M0068504110; GTN: 08714729839255

4. At the time of the development, manufacture, marketing, sale, and placement into the stream of commerce by Defendant Boston Scientific Corporation, the Obtryx II was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use in that the product:

a) Was made with polypropylene, or a grade of polypropylene, that was not reasonably suitable as a permanent implant in the human body, and which had been warned against in prior polypropylene Material Safety Data Sheets;

b) Unreasonably promoted a negative immune/foreign body/inflammatory response which could cause severe adverse inflammatory reactions in the body, including the formation of excess scar tissue that could harm nearby nerves and other structures;

c) was unreasonably susceptible to biocompatibility and biomechanical issues including shrinkage, contraction, deformation, degradation, migration, banding, extrusion and erosion;

d) was excessively difficult to remove when adverse reactions occurred;

e) had not been clinically tested for safety in the human body, and

f) had a higher incidence of vaginal erosion than other vaginal slings.

5. The Obtryx II was used in a manner reasonably anticipated by Defendants Boston Scientific Corporation when implanted on 8/11/16 and thereafter, as it resided in Plaintiff's body.

6. Plaintiff was damaged as a direct result of the defective condition of the Obtryx II as existed when it was designed, manufactured, marketed, sold and/or placed into the stream of commerce by Defendant Boston Scientific Corporation in that the conditions as described in paragraph 4, above, resulted in erosion of the mesh through Plaintiff's vaginal wall, damage to Plaintiff's nerves, and severe adverse reactions to the mesh including scarring and inflammation. Plaintiff, as a result of these defects and the failure of the Obtryx II, has in the past and will in the future suffer from disfigurement, chronic pain, disability, continued urinary problems, the cost of the surgery to remove the mesh and repair the vaginal defect, as well as pain, inconvenience, emotional distress and potential or probable future procedures, medications, and medical treatment. These injuries were either caused or aggravated by the defective nature of the Obtryx II as alleged herein.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant Boston Scientific Corporation in such amount as is fair and reasonable under the circumstances, and for costs.

### COUNT 2 - STRICT LIABILITY - FAILURE TO WARN
### VS DEFENDANT BSC
### MAI 25.05

For Count 2 of this of action, against Defendant Boston Scientific Corporation, it is alleged as follows:

3

1. The allegations of Count 1 are incorporated here by reference.

2. At the time Defendant Boston Scientific Corporation designed, manufactured, marketed, sold and/or placed into the stream of commerce the Obtryx II, it was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, in that the Obtryx II:

   a. Was made with polypropylene, or a grade of polypropylene, that was not reasonably suitable as a permanent implant in the human body and which had been warned against in prior polypropylene Material Safety Data Sheets;

   b. unreasonably promoted a negative immune/foreign body/inflammatory response which caused severe adverse inflammatory reactions in the body to the mesh products, including the formation of excess scar tissue that can harm nearby nerves and other structures, ;

   c. was unreasonably susceptible to biocompatibility and biomechanical issues including shrinkage, contraction, deformation, degradation, migration, banding, extrusion and erosion;

   d. was excessively difficult to remove when adverse reactions occurred;

   e. had not been clinically tested for safety in the human body, and

   f. had a higher incidence of vaginal erosion then other vaginal slings.

3. Defendants did not give an adequate warning of these dangers.

4. Defendants' failures to give an adequate warning of these dangers of the Obtryx II caused or contributed to cause the damages as alleged in Count 1.

4

**WHEREFORE**, Plaintiff prays for a judgment against Defendant Boston Scientific Corporation in such amount as is fair and reasonable under the circumstances and for costs.

### COUNT 3 - PRODUCTS LIABILITY - NEGLIGENT MANUFACTURE, DESIGN AND FAILURE TO WARN VS DEFENDANT BSC
### MAI 25.09

For Count 3 of this of action, against Defendant Boston Scientific Corporation, it is alleged as follows:

1. The allegations of Counts 1 & 2 are incorporated here by reference.

2. Defendants designed, manufactured and marketed the Obtryx II that injured plaintiff.

3. As manufactured, designed, and marked, the Obtryx ii was defective and hazardous in that it:

    a. was made with polypropylene, or a grade of polypropylene, that was not reasonably suitable as a permanent implant in the human body, and which had been warned against in prior polypropylene Material Safety Data Sheets;

    b. unreasonably promoted a negative immune/foreign body/inflammatory response which caused severe adverse inflammatory reactions in the body to the mesh products, including the formation of excess scar tissue that can harm nearby nerves and other structures, ;

    c. was unreasonably susceptible to biocompatibility and biomechanical issues including shrinkage, contraction, deformation, degradation, migration, banding, extrusion and erosion;

5

  d. was excessively difficult to remove when adverse reactions occurred;

  e. had not been clinically tested for safety in the human body, and

  f. had a higher incidence of vaginal erosion then other vaginal slings.

4. Defendant Boston Scientific Corporation failed to use ordinary care to manufacture and design and test the Obtryx II to be reasonably safe and avoid the conditions and problems described in paragraph 3, above.

5. Defendant Boston Scientific Corporation failed to use ordinary care to adequately warn of the risks of harm with as described in paragraph 3, above.

6. Such failures directly caused or directly contributed to cause the damages alleged in Count 1.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant Boston Scientific Corporation in such amount as is fair and reasonable under the circumstances and for costs.

## COUNT 4
## NEGLIGENCE VS SHAWN LYNCH
## MAI 31.00

For Count 4 of this of action, against Defendant Shawn Lynch, it is alleged as follows:

1. Defendant Shawn Lynch was the Boston Scientific sales representative who participated in the sale and implantation of the Obtryx II that was implanted in Plaintiff on 8/11/16 by Dr. Beverly Alten at Mercy Hospital in St. Louis County MO. Defendant Lynch is a Missouri resident.

6

2.   Defendant Lynch"s job included advising hospitals and surgeons on the risks and benefits of the Obtryx II.

3.   On or before the date of implantation, 8/11/16, Defendant Lynch knew or had should have known of the following dangerous conditions of the Obtryx II and was negligent in failing to adequately warn the implanting hospital and physician that the Obtryx ii

   a) Used polypropylene, or a grade of polypropylene, that was not reasonably suitable as a permanent implant in the human body and which had been warned against in prior polypropylene's Material Safety Data Sheets;

   b) Unreasonably promoted a negative immune/foreign body/inflammatory response which caused severe adverse inflammatory reactions in the body to the mesh products, including the formation of excess scar tissue that can harm nearby nerves and other structures, ;

   c) was unreasonably susceptible to biocompatibility and biomechanical issues including shrinkage, contraction, deformation, degradation, migration, banding, extrusion and erosion;

   d) was excessively difficult to remove when adverse reactions occurred;

   e) had not been clinically tested for safety in the human body, and

   f) had a higher incidence of vaginal erosion then other vaginal slings.

5.   Such failures directly caused or directly contributed to cause the damages alleged in Count 1.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant John Lynch in such amount as is fair and reasonable under the circumstances, for prejudgment interest, and for costs.

                **COFFEY & NICHOLS**
                **ATTORNEYS AT LAW**

                /s/ Mary Coffey
                MARY COFFEY, #30919
                GENEVIEVE NICHOLS, #48730
                CALLAN MOENCH, #65049
                Attorneys for plaintiffs
                6200 Columbia Ave.
                St. Louis, MO 63139
                Phone: 314-647-0033
                Fax:    314-647-8231
                E-mail:  mc@coffeynichols.com
                                gn@coffeynichols.com
                                cm@coffeynichols.com